IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SKWIKAR ALI ABDELKADER, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. L-10-511 |
| SEARS, ROEBUCK & COMPANY, | * | |
| Defendant. | * | |

**MEMORANDUM**

This is an employment discrimination case. Plaintiff, Skwikar Ali Abdelkader, alleges that while working for Defendant, Sears, Roebuck & Company ("Sears"), she was subjected to discrimination, harassment, and retaliation based on her religion. Abdelkader seeks relief under Maryland tort law, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e;). Now pending is Sears's Motion to Dismiss counts III-VII of the Complaint. (Docket No. 5.) In its motion, Sears contends that: (i) count III fails because Abdelkader has failed to make a *prima facie* case of intentional infliction of emotional distress; (ii) count VI fails because Maryland law does not recognize a claim for negligent infliction of emotional distress, and (iii) counts V-VII fail because § 1981 does not extend to free-standing claims of religious discrimination. For the reasons stated herein, the Court will, by separate order, GRANT the Motion and dismiss counts III-VII. Counts I and II remain viable claims that will proceed to discovery.

**I.  FACTUAL BACKGROUND**

Abdelkader was employed by Sears in various capacities from August 2001 until March 2008. She contends that throughout this period she requested to have Fridays, the day of

1

observance in the Islamic faith, off work. At the beginning of her employment with Sears, she was consistently given Fridays off.

In May 2007, Sears promoted Abdelkader to Assistant Store Coach of the Branch Center Division. In that position, her immediate supervisor was Robert Babe. Abdelkader alleges that while she continued, technically, to have Fridays off, Babe nevertheless made her come into the store and work on Fridays, in violation of her religious practices. In particular, Abdelkader complains that she was required to work on December 20, 2007, the day of a major Islamic holiday. She further alleges that Babe chastised, harassed, and intimidated her, both on the evening of December 20, 2007 and in subsequent encounters. Abdelkader contends that she presented complaints to the Human Resources Department, but that no action was taken.[1]

In early February 2007, Abdelkader met with Babe to discuss stepping down from her position, citing inadequate assistance and "broken promises" as her reasons. She contends that, at this point, she was scheduled to work every Friday night, despite her protests.

According to the Complaint, on February 21, 2007, Abdelkader lent her access/override card to a Sears associate in order to take her lunch break. She contends that she only did so because of Babe's tardiness during his own lunch break. Upon returning from his break, Babe became angry and accused Abdelkader of giving the card to a different associate. A few weeks later, Babe called Abdelkader into his office and terminated her. His stated reason for doing so was that she provided an associate with an access card. Abdelkader contends that the lending of access cards was a common practice between managers and associates, and that she was actually terminated in retaliation for her complaints of religious discrimination.

---

[1] She also alleges that Sears's management and employees referred to her as the "covered head lady" because she wore a scarf to cover her hair in the workplace.

Abdelkader filed suit in this Court on March 2, 2010. Her Complaint includes seven counts: (1) religious discrimination; (2) retaliation; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) violation of § 1981 – religious discrimination; (6) violation of § 1981 – hostile work environment, and (7) violation of § 1981 – disparate treatment. Upon receiving the Complaint, Sears moved to dismiss counts III-VII pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of her claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.   ANALYSIS

### A.  Count III – Intentional Infliction of Emotional Distress

In this count, Abdelkader argues that she has endured repeated acts of intentional, extreme, and outrageous behavior at the hands of Sears and its employees. To establish a *prima facie* case for intentional infliction of emotional distress under Maryland law, Abdelkader must show four elements: (1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress is severe. See Harris v. Jones, 380 A.2d 611, 614 (Md. 1977). Each element must be pled with specificity, and a deficiency in any element is fatal to a

claim for intentional infliction of emotional distress.  See Foor v. Juvenile Serv. Admin., 552 A.2d 947, 959 (1989).

As a general rule, Maryland courts uphold claims for intentional infliction of emotional distress only in cases that involve truly egregious acts.  See Figueiredo-Torres v. Nickel, 321 A.2d 69 (1991) (psychologist had sexual relations with the plaintiff's wife during the time when he was treating the couple as their marriage counselor); B.N. v. K.K., 538 A.2d 1175 (1988) (physician did not tell nurse with whom he had sexual intercourse that he had herpes).  To show outrageousness, the conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Harris, 380 A.2d at 614.

Abdelkader cannot establish a claim for intentional infliction of emotional distress because she has failed to allege facts sufficient to support the second element of extreme and outrageous conduct.  She contends that Sears employees and management referred to her as the "covered head lady," but does not identify any specific individual.  (Compl. ¶ 7).  Abdelkader also alleges, generally, that she was chastised, harassed, and intimidated by Babe, an employee of Sears.  (Compl. ¶¶ 19-20.)    Finally, she asserts that Babe forced her to work on days that interfered with her religious obligations. (Compl. ¶¶ 9-18.)  Even viewed in the light most favorable to Abdelkader, these facts do not describe the type of egregious conduct necessary to bring a claim for intentional infliction of emotional distress.  See Arbabi v. Fred Meyers, Inc., 205 F. Supp. 2d 462, 466 (D. Md. 2002) (noting that workplace harassment "almost never rises to the level of outrageousness . . . as to reach the high threshold invariably applicable to a claim of intentional infliction of emotional distress under Maryland law; see also Harris, 380 A.2d at 614 (holding that liability does not extend to "mere insults, indignities, threats, annoyances, petty

4

oppressions, or other trivialities"). Accordingly, her claim for intentional infliction of emotional distress must be dismissed.[2]

### B. Counts V-VII – Violations of § 1981

In these counts, Abdelkader alleges that Sears violated § 1981 by unconstitutionally discriminating against her based on her religious background. Section 1981 is a Civil War era statute, intended to counteract the "black codes" enacted in the southern states that imposed severe legal restrictions on freed slaves and African-Americans in general. See Linda E. Fisher, Anatomy of An Affirmative Duty to Protect: 42 U.S.C. Section 1986, 56 Wash. & Lee L. Rev. 461, 471 n.48 (1999). As interpreted, § 1981 applies only to claims of discrimination based on race or national origin, and specifically does not cover religious discrimination. See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (stating that a claim of discrimination based solely on one's religion does not constitute a claim under § 1981) (emphasis added); see also Proa v. NRT Atlantic, 618 F. Supp. 2d 447, 461 (D. Md. 2009) (finding that "§ 1981 is limited to race-based disparate treatment and/or hostile work environment claims").

In her Complaint, Abdelkader alleges that her Muslim faith was the sole reason for the discrimination she endured. While she mentions that she is Egyptian, she nevertheless fails to demonstrate that Sears discriminated against her on the basis of either her race or national origin. See Booth v. Maryland, 327 F.3d 377, 384 (4th Cir. 2003) (granting summary judgment because plaintiff failed to demonstrate that his African-American heritage, not his Rastafarian religion, was the reason for the discrimination). Therefore, while Abdelkaber's claims of religious

---

[2] In her Opposition, Abdelkader does not refute that Count IV should be dismissed. Moreover, Maryland law does not recognize a cause of action for negligent infliction of emotional distress. See Hamilton v. Ford Motor Credit Co., 66 A.2d 1057, 1065-66 (Md. 1986) (noting that while other jurisdictions may recognize negligent infliction of emotional distress as an independent tort, Maryland does not). Accordingly, Count IV must be dismissed.

discrimination are cognizable under Title VII, they fall outside the purview of § 1981. Accordingly, counts V-VII must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate order, GRANT Sears' Motion to Dismiss counts III-VII.


Dated this 24th day of June, 2010.

                _____/s/_____
                Benson Everett Legg
                United States District Judge